UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROBERT GLASS                                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO. 4:09CV13 DPJ-FKB

UNITED STATES POSTAL SERVICE                                                           DEFENDANT

ORDER

This tort action is before the Court on motion of Defendant to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff's handwritten Complaint is difficult to read. As best the Court can tell, in the facts section, he wrote: "I paid between $70 and $80 for certified letters that weren't delivered and the postal service has a saying they deliver in rain, sleet, and snow and not one of these sixteen certified letters got delivered because of this US Marshal unethical reason." Thus, it appears Plaintiff filed this action against the United States Postal Service for damages he allegedly suffered as a result of mis-delivered or non-delivered certified mailing. Defendant filed its motion to dismiss on April 21, 2010. Plaintiff, who is proceeding *pro se*, has not responded, and the time to do so has now passed.

The Court has substantively reviewed Defendant's motion and finds that it is meritorious. Because Plaintiff's claim is against an agency of the United States of America, his claim is subject to the Federal Tort Claims Act (FTCA). Although the FTCA waives the federal government's immunity in certain circumstances, the exceptions to the FTCA clearly provide that the Act does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b) (2006). *See Ruiz v United States*, 160 F.3d 273 (5th Cir. 1998) (finding claim for damages stemming from failure to deliver mail

was barred by § 2680(b)).[1]  Accordingly, the Court finds that it lacks subject matter jurisdiction over this action and that Defendant's motion should be granted.

**SO ORDERED AND ADJUDGED** this the 11th day of May, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] Alternatively, Defendant submits that Plaintiff has failed to exhaust his administrative remedies prior to filing suit as required by 28 U.S.C. § 2675(a), but points out that any attempt to file an administrative claim would be futile based on immunity.  Finally, Defendant also argues that dismissal is appropriate because Plaintiff failed to serve the Attorney General of the United States as required by Federal Rule of Civil Procedure 4(i)(1)(B).